# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MELVIN MITCHELL,

                      Petitioner,                       Case Number: 04-CV-72411-DT

v.                                          HON. LAWRENCE P. ZATKOFF

LINDA METRISH,

                       Respondent.

_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Melvin Mitchell has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, challenges the Michigan Parole Board's February 26, 2004 decision denying him release on parole. For the reasons set forth below, the Court shall deny the petition.

## I.

On January 28, 1986, Petitioner was convicted of resisting and obstructing a police officer and being a fourth habitual offender. He was sentenced to four to fifteen years imprisonment. He was released on parole in November 1989, but subsequently violated his parole by committing a sexual assault. Petitioner pleaded no contest to one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. On January 10, 1992, he was sentenced to ten to forty years imprisonment for each of the criminal sexual conduct convictions.

In his petition, Petitioner challenges the parole board's February 26, 2004 decision denying him release on parole. He presents the following claims:

I.      Petitioner contends that the amendments to Michigan's parole laws eliminating appeals for prisoners of parole denials and procedures, while maintaining appellate review for state prosecutors and victims of crime of decisions granting parole based on unfettered discretion is not only unconstitutional, but also dangerous to the quality of justice, in a free and democratic society.

II.     A parole board violates the constitutional role of judges, the integrity of the contractual nature of plea agreements, the prosecutorial function and indeterminate sentencing laws when denying parole for anything less than prison misconduct or program failures by prisoners sentenced under the illusion of a minimum and maximum sentence of an indeterminate sentence as an incentive for good behavior and rehabilitation.

III.    The 1992 amendments to Michigan's parole laws are unconstitutional as they were changed to contravene a prisoner's constitutional right to a fair trial, impartial and neutral factfinder in parole hearings contrary to the due process clause of the federal constitution and a state constitutional right to fair and impartial administrative hearings where the amendments were enacted with the express intention of removing any parole board member by the politically appointed director of the department of corrections simply for a disagreeable decision.

IV.     Although a prisoner does not have an inherent constitutional right or liberty interest in parole release based on misconduct and accurate historical information, prisoners maintain a constitutional due process right not to be imprisoned based on erroneous, inaccurate, or exaggerated information by departments of government granted unfettered and unreviewable discretionary power as a matter of procedural due process of law.

V.      Retroactive application of 1992 Michigan parole statute amendments violated the *Ex Post Facto* Clause of the United States Constitution as applied to Petitioner following his 1991 plea conviction.

VI.     Petitioner's parole denials based in part upon being "physically and mentally handicapped" as a former substance abuser after he successfully completed Department of Corrections sanctioned substance abuse programming violated the Rehabilitation Act of 1973 (RHA) and the American's With Disabilities Act of 1990 (ADA).

2

**II.**

**A.**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing

applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an
>         unreasonable application of, clearly established Federal law, as
>         determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
>         determination of the facts in light of the evidence presented in the
>         State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).

Additionally, this Court must presume the correctness of state court factual determinations.  28

U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to"

clause as follows:

---

[1]     28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State
> court, a determination of a factual issue made by a State court shall
> be presumed to be correct.

3

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 409-11.

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

**B.**

In his first claim for habeas corpus relief, Petitioner argues that he has been denied the right to equal protection of the laws because, under Michigan law, he is not permitted to appeal the

4

Michigan Parole Board's denial of parole to Michigan courts.  Prior to 1999, a parole board decision granting or denying parole was appealable by the prisoner, prosecutor, or the victim of the crime for which the prisoner was convicted.  Mich. Comp. Laws § 791.234(8).  In 1999, the Michigan Legislature amended that provision to allow for appeals *only* from the action of the parole board in *granting* parole by the prosecutor or the victim.  Mich. Comp. Laws § 791.234(9).  In response to the 1999 amendment, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, to eliminate the provisions regarding the methods by which a prisoner could appeal a parole denial.  <u>See</u> M.C.R. 7.104(d)(1), (2)(a).  In addition, the Michigan Court of Appeals has held that a prisoner may not appeal the denial of parole under the Administrative Procedures Act, Mich. Comp. Laws § 24.201, or the Revised Judicature Act, Mich. Comp. Laws § 600.631.  <u>Hopkins v. Michigan Parole Board</u>, 237 Mich. App. 629 (2000).

The Sixth Circuit Court of Appeals recently held that the elimination of prisoner appeals from parole board decisions does not violate the Equal Protection Clause.  <u>Carnes v. Engler</u>, 76 Fed. Appx. 79, 80-81 (6th Cir. 2003).  The Court of Appeals reasoned:

> Legislation or government action is presumed valid if the classification of groups is rationally related to a legitimate state interest.  <u>City of Cleburne, Tex. v. Cleburne Living Ctr.</u>, 473 U.S. 432, 440 (1985).  In this case, the rational basis test is used because inmates are not a suspect class, *see* <u>Hampton v. Hobbs</u>, 106 F.3d 1281, 1286 (6th Cir. 1997), and because the plaintiffs' claim does not involve a fundamental right.  A § 1983 plaintiff's challenge to the lack of a rational basis for an equal protection claim cannot succeed "if there is any reasonably conceivable state of facts that could provide a reasonable basis for the classification."  <u>FCC V. Beach Communications, Inc.</u>, 508 U.S. 307, 313 (1993). . . .

> . . . [T]he State of Michigan could rationally intend the limitation on appeal right to provide a counter-balance to a prisoner's obvious incentive to litigate the issue of parole and to protect the state treasury from the expense needed for responding to appeals of parole denials. . . . In addition, the Michigan parole statutes include the protection of public safety as a stated purpose. . . . The statutes further the rights of victims of various crimes, which is also a legitimate state purpose.  For these reasons,

there exists a rational relationship to a legitimate state purpose in the Michigan parole scheme prohibiting a prisoner from appealing an adverse Board decision, and the plaintiffs' allegations failed to eliminate any such rational basis.

Id. at 80-81.

Based upon the Court of Appeals' decision in Carnes, the Court must conclude that Plaintiff's claim that the Michigan parole scheme violates the Equal Protection Clause fails to state a claim upon which relief may be granted.

### C.

In his second claim for habeas corpus relief, Petitioner contends that the "spirit and intent" of his plea agreement have been violated by the Michigan Parole Board's denial of parole. Petitioner pleaded guilty to second-degree criminal sexual conduct, first-degree criminal sexual conduct, and being a fourth habitual offender. He was sentenced to two terms of ten to forty years imprisonment, to be served concurrently. Petitioner argues that, in declining to release him on parole, the parole board improperly ignored the minimum term of years to which he was sentenced. Petitioner's, as yet, unrealized expectation that he might be released sometime after he served his minimum sentence and prior to serving the maximum sentence is insufficient to establish that the Michigan Parole Board has somehow violated Petitioner's plea agreement. Petitioner does not allege that he was promised an early release as part of the plea agreement. He has not served beyond the maximum sentence imposed. Therefore, he has not shown that the terms of his plea agreement were violated.

### D.

Petitioner, in his third claim for habeas corpus relief, argues that a 1992 amendment to Michigan's parole rules gave parole board members a pecuniary interest in denying parole, and,

consequently, they are not neutral and detached decision makers.  Assuming, *arguendo*, that Petitioner has a right to a neutral and detached decision maker in the parole-release decision making process, Petitioner has failed to show that this right was violated.

"[T]he Supreme Court has held that the Fourteenth Amendment right to due process is certainly compromised where the decision maker has a 'direct, personal, substantial pecuniary interest' in the proceedings."  DePiero v. City of Macedonia, 180 F.3d 770, 777 (6th Cir. 1999) (quoting Tumey v. Ohio, 273 U.S. 510, 523, 47 S. Ct. 437, 71 L.Ed. 749 (1927)).  In Tumey, the direct, personal, substantial pecuniary interest in the outcome of the proceedings was cash payments the mayor (who also functioned as a judge) would receive if the defendants were convicted, but would not receive if the defendants were acquitted.  In contrast to the direct pecuniary interest at issue in Tumey, the pecuniary interest alleged by Petitioner is entirely speculative.

Petitioner speculates that parole board members must deny parole release to at least some applicants who should be granted parole release to maintain their positions on the parole board.  Petitioner claims that the 1992 amendment to Mich. Comp. Laws § 791.231a, which makes parole board members accountable for their decisions, compels this conclusion.  The 1992 amendment authorizes the director of the MDOC to remove parole board members for "incompetency, dereliction of duty, malfeasance, misfeasance, or nonfeasance in office."  Mich. Comp. Laws § 791.231a.  Petitioner argues that this provision compels parole board members to deny parole or risk removal.  However, the Court is not persuaded that establishing professional standards requiring diligence, professionalism, and competence amounts to requiring parole board members to deny parole.  This Court is not persuaded that the parole board's denial of parole in this case was motivated by a pecuniary interest.

7

**E.**

Fourth, Petitioner claims that the parole board's decision denying him parole was based upon erroneous, inaccurate, and exaggerated information.  Petitioner has no constitutional right to be released on parole because there is no constitutional right of a lawfully convicted person to be conditionally released before the expiration of a valid sentence.  *See* Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Bd. of Pardons v. Allen, 482 U.S. 369, 377 n.8 (1987).  Thus, there is no federal constitutional right to parole.  Gavin v. Wells, 914 F.2d 97, 98 (6th Cir. 1990).

In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board.  In re Parole of Johnson, 235 Mich. App. 21, 596 N.W.2d 202 (1999) (per curiam) (citing Mich. Comp. Laws § 791.234(6)(d) and 791.234(7)).  *See also* Mich. Comp. Laws § 791.234(9).  Because the Michigan Parole Board has discretion whether to grant parole, a defendant does not have a protected liberty interest in being released on parole.  Canales v. Gabry, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994).  *See also* Wright v. Trammell, 810 F.2d 589, 590 (6th Cir. 1987) ("[T]he expectancy of release upon parole is not a constitutionally protected interest where the state holds out 'no more than a mere hope that the benefit will be obtained.'") (quoting Greenholtz, 442 U.S. at 11, 99 S. Ct. 2100).  Consequently, Petitioner does "not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings."  Sharp v. Leonard, 611 F.2d 136, 137 (6th Cir. 1979).

In a habeas corpus proceeding, the scope of a federal court's review of a Parole Board's decision denying parole is quite limited:

> Absent substantial evidence of an arbitrary and capricious abuse of discretion amounting to a denial of a constitutional right, and absent evidence of a decision

8

based on an unconstitutional factor such as an applicant's race, sex, religion, or prior exercise of protected constitutional rights, the court should not interfere with the parole board's exercise of its discretion in denying an application for parole.

Juarez v. Renico, 149 F. Supp. 2d 319, 324 (E.D. Mich. 2001) (Lawson, J.).

Petitioner has failed to show that the parole board considered any improper factors or relied on any incorrect information in denying him parole. The Court, therefore, finds that Petitioner is not entitled to habeas corpus relief on this claim.

### F.

In his fifth claim for habeas corpus relief, Petitioner claims that the application of the 1992 amendments to Michigan's parole statute violate the *Ex Post Facto Clause*.

The *Ex Post Facto* Clause of the Constitution forbids the government from passing any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) (internal quotation omitted). The purposes of the clause are to provide fair warning about new punishments and to discourage arbitrary and oppressive legislation. Id. at 28. "To fall within the *ex post facto* prohibition, two elements must be present: (1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." United States v. Reese, 71 F.3d 582, 585 (6th Cir. 1995), *cert. denied*, 518 U.S. 1007 (1996). The United States Supreme Court further explained the proper standard for determining whether an offender is disadvantaged by a law:

> [T]he focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of "disadvantage," nor . . . on whether an amendment affects a prisoner's "opportunity to take advantage of provisions for early release," but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.

9

California Dept. of Corrections v. Morales, 514 U.S. 499, n.3 (citation omitted).

Petitioner claims that the 1992 amendments negatively impacted him because the parole board members no longer have civil service protection, and, therefore, have a pecuniary interested in denying parole release. This issue is discussed *supra*. Petitioner asserts no other specific claims as to how the amendments have increased the penalty for his crime. While the Court affords *pro se* litigants significant leeway, and their pleadings liberal construction, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court will not construct claims on behalf of *pro se* litigants. Therefore, Petitioner is not entitled to habeas corpus relief on this claim.

## G.

Finally, Petitioner argues that the parole board violated Title II of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12131 and the Rehabilitation Act of 1973, 29 U.S.C. § 194(a), when it considered his substance abuse history in denying him parole.

Title II of the ADA provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege that he: (1) has a disability; (2) is otherwise qualified; and (3) is being excluded from participation in, being denied the benefits of, or being subject to discrimination solely on the basis of his disability. Kaltenberger v. Ohio College of Podiatric Medicine, 162 F.3d 432, 435 (6th Cir. 1998). The Rehabilitation Act of 1973 protects an "otherwise qualified individual" from being "excluded from participation in, . . . denied the benefits of, or . . . subjected to discrimination . . . solely by reason of his or her disability." 29 U.S.C. § 794(a).

10

Even assuming that Petitioner has established that he has a disability, he has not shown that the parole board denied him parole solely on the basis of this disability.  In denying Petitioner release on parole, the parole board relied on many factors.  The parole board cited, *inter alia*, the nature of the crime, which involved a child victim, and violated a position of trust and authority.  See Parole Board Notice of Decision, dated February 26, 2004.  The parole board also noted that Petitioner committed this assaultive crime while on parole release.  Id.  Thus, Petitioner has not shown that he is an "otherwise qualified" individual.  Moreover, "[a] person's disability that leads one to a propensity to commit crime may certainly be relevant in assessing whether that individual is qualified for parole."  Thompson v. Davis, 295 F.3d 890, 898 n.4 (9th Cir. 2002), *cert. denied* 538 U.S. 921 (2003).

The Court, therefore, finds that Petitioner has failed to show that the parole board improperly considered his prior substance abuse in denying him release on parole.

**III.**

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.


s/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  September 28, 2005

11

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 28, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290